WARD, Judge.
This appeal is from a summary judgment granted in favor of Colonial Penn Insurance Company on grounds that the terms of its policy excluded the plaintiff from coverage. We reverse the judgment without considering the interesting issue of the exclusion because Colonial Penn did not present adequate proof of a material fact supporting its motion for summary judgment.
Raymond A. Hughes, Sr. filed this suit for injuries allegedly sustained in an automobile accident. In addition to claims against the driver of the other vehicle involved in the accident and her insurer, Hughes sought recovery under the uninsured motorist coverage of his wife’s Colonial Penn policy on her automobile — not the vehicle he was driving at the time of the accident. Colonial Penn filed a motion for summary judgment, supported only by a copy of the policy issued to Hughes’ wife. The policy excludes from coverage “any automobile while used as a public or livery conveyance.”
In a memorandum in support of summary judgment, Colonial Penn’s counsel for the first time alleged that Hughes was operating his vehicle as a taxicab — specifically as a United Cab Company Taxi under CPNC No. 903. This allegation, however, was not supported by an affidavit or by any other document in the record. In opposition to the motion, Hughes filed a copy of his certificate of marriage and his wife’s affidavit that Hughes resided in her house *36 hold and that they were co-owners of the vehicle he was driving at the time of the accident. He offered no proof to rebut the allegation that he was operating the vehicle as a taxicab. The Trial Judge granted Colonial Penn’s motion without reasons.
It is well settled that a summary judgment should be ordered if and only if acceptable proof — the pleadings, discovery responses on file, together with any affidavits — shows that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. La.C.Civ.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Papers supporting the position of a party moving for summary judgment are to be closely scrutinized. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The burden of proof shifts to the party opposing summary judgment only if the moving party presents clear proof of all material facts. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
Although Colonial Penn, the moving party in our case, presented its policy purporting to exclude public conveyance vehicles from coverage, it neglected to show by acceptable proof the material fact that Hughes’ vehicle was being operated as a public conveyance. Unsworn and unverified statements — bare allegations in an attorney’s memorandum — do not meet the strict burden of proof imposed upon a party moving for summary judgment. The specificity of the facts asserted in Colonial Penn’s memorandum indicates that it easily could have obtained and filed an affidavit or certified documentation from United Cab Company which would have constituted acceptable proof to support a motion for summary judgment. Without such proof, a material fact remains unproven, the burden to rebut the fact never shifted to Hughes, and summary judgment should not have been granted.
Costs of this appeal to be paid by Colonial Penn Insurance Company.
REVERSED AND REMANDED.