602 So.2d 104 (1992)
Pete DAVIS Jr.
v.
Lionel BROCK.
No. 91-CA-1711.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
Writ Denied October 16, 1992.
*105 Charles A. Kronlage, Jr., New Orleans, for plaintiff/appellee.
Dara L. Baird, Metairie, for defendant/appellant.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant Home Indemnity Co. (Home) appeals a trial court judgment granting a motion for summary judgment in favor of plaintiff Pete (Junius) Davis, holding that Davis was covered under the uninsured motorist (UM) provisions of an insurance policy issued by Home to Davis' employer. Home also appeals the trial court's denial of its motion for summary judgment based on its allegation that Davis is not covered under the policy as a matter of law. We reverse on both issues.

Facts:
Davis suffered injuries November 7, 1982, when he was struck by an automobile owned and driven by defendant Lionel Brock while Davis was a pedestrian attempting to cross Elysian Fields Avenue at its intersection with North Claiborne Avenue. Brock was uninsured.
Davis brought suit, inter alia, against Home, which had issued a "Business Auto Policy," naming Davis' employer, Jaeger's Inc., which is a seafood restaurant, as the named insured. Davis had been employed by Jaeger's as a delivery truck driver from sometime in the 1950's until the date of the accident. Jaeger's owned two trucks which were driven almost exclusively by Davis.

Standard for Reviewing Trial Court's Grant of Motion for Summary Judgment
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Thus, the appellate court must make an independent determination of whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Thus, a trial court judgment granting a motion for summary judgment must be reversed unless the reviewing court finds that the mover proved both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). Likewise, a trial court judgment denying a motion for summary judgment should be reversed if the appellate court finds that the moving party did prove the two elements listed above. In both instances, all evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. Additionally, all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Id.
In the instant case, this court must review two trial court decisionsthe one granting the motion for summary judgment filed by Davis and the one denying the motion for summary judgment filed by Home. The parties agree on all the material facts. Thus, the only question before this court is whether either party proved that it was entitled to judgment as a matter of law. That issue turns on whether Davis is covered for UM purposes under the insurance policy between Home and Jaeger's. If Davis is covered, the trial court properly *106 granted Davis' motion and denied Home's motion. However, if Davis is not covered, the trial court judgment is incorrect on both issues and must be reversed on both issues.

Uninsured Motorist Coverage Under the Policy
The insurance contract at issue in the instant case provides, in pertinent part, as follows:
PART IVLIABILITY INSURANCE
(D) WHO IS INSURED
1. You are an insured for any covered auto.
2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow....
. . . . .
UNINSURED MOTORISTS INSURANCE
D. WHO IS INSURED
1. You or any family member.
2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.
(Emphasis in the original.) Under the definitions section of the policy, "you" indicates "the person or organization shown as the named insured in Item 1 of Declarations"in this case, Jaeger's Inc. "Family member" is defined as "a person related to you by blood, marriage or adoption, who is a resident of your household, including a ward or foster child."
Under the express language of the UM endorsement attached to the policy at issue, the plaintiff in the instant case was obviously not insured. Nevertheless, Davis claims that he is entitled to UM coverage under the Louisiana Supreme Court's opinion in Howell v. Balboa Insurance Co., 564 So.2d 298 (La.1990).
In Howell, the court extended UM coverage to the son of the named insured, who had been injured by an uninsured motorist while riding in an automobile owned and operated by someone other than the named insured in the policy. Unquestionably, the plaintiff in Howell, like the plaintiff in the instant case, did not qualify as an insured for UM purposes under the language of the policy, which afforded coverage to a "family member" only under the following circumstances: "while occupying an insured automobile, or, while not occupying a motor vehicle, when struck by an uninsured motor vehicle." Id. The court found that UM coverage under Louisiana law "cannot be qualified by a requirement of a relationship with an insured vehicle," then stated as follows:
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.
Id. at 301-02. (Emphasis added.) Davis claims that the above quoted portions of the Howell case require that the policy issued by Home in this case be interpreted to extend coverage to his injuries in this case.
We disagree. Davis' argument ignores the fact that, under the circumstances of this case, he did not enjoy "insured" status under either the liability or the UM provisions of the subject policy; that fact alone distinguishes this case from Howell. The plaintiff in Howell was an insured for liability purposes under the express provisions of the policy at issue in that case because he was a "family member" of the named insured; thus, the court found that he was also insured for UM purposes. However, in the instant case, Davis would have been afforded insured status for liability purposes only if he was himself the named insured or if he was using a covered auto owned by the named insured with the *107 named insured's permission. Neither of those situations was present in the instant case.
Davis also sets forth several "policy" reasons to support his argument that the subject policy should be "reformed," like the policy in Howell, to afford him coverage under the UM provisions. First, Davis claims that the fact that he was virtually the only driver of the covered vehicles made him an "insured" under the liability provisions "continuously and without interruption" from the time the policy was issued on March 1, 1981 until the time of his accident. However, that argument also ignores the express language of the policy at issue, which affords "insured" status only to the named insured and to those using a covered auto with the named insured's permission.
Second, Davis claims that the Home policy is ambiguous because of the language of the UM provisions, which extend coverage to a "family member" of the named insured. Since the named insured in the policy is a corporate entity, Davis argues, it is incapable of having any "family members." Further, Davis argues, if a corporate entity can be considered to have "family members," its employees must be considered part of that group.
We recognize the basic premise that insurance policies are to be liberally construed in favor of UM coverage, and that any exception to mandatory UM coverage must be strictly construed. Hoefly v. Government Employees Insurance Co., 418 So.2d 575, 578 (La.1982). However, that premise does not require that any person who claims that it is "only fair" that he be afforded coverage be recognized as an "insured" for UM purposes. A fair interpretation of the policy in the instant case does not demand that Davis be afforded UM coverage for a injuries sustained while a pedestrian, not in the course and scope of his employment.
The Louisiana First Circuit Court of Appeals recently rejected the exact arguments made by Davis in Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir.1991), which concerned factually similar circumstances to those in the case at hand. Based on a definition of insured for UM purposes identical to that in the policy at issue in the instant case, the Barnes case stated, in pertinent part, as follows:
Because [the plaintiff employee] is not a named insured, is not related to the named insured, and was not occupying a covered automobile, he did not fit within the definition of an "insured" and was not covered by the uninsured motorist provisions of the Reliance policy.
We find no merit in plaintiff's contention that since the policy in question is a business automobile policy issued to a corporation, the definition of an insured as "you or any family member" renders the policy ambiguous [Several previous cases] involved policies issued to a municipality or corporations and contained policy language similar, if not identical, to the language in the instant case. These provisions were found to have a clear meaning and were not considered ambiguous in those cases. Nor do we find it to be ambiguous herein.
Id. at 1163. (Citations omitted.)
The difference in the result reached in the instant case and in Thames from the result in Howell is easily explained by the fact that Howell involved a family automobile insurance policy, while both Howell and the instant case involved business automobile policies. The purposes of the two types of policies are different. A family automobile policy is designed to protect all persons who qualify as family members in all situations involving injuries caused by automobiles, while a business automobile policy is designed to protect the business from liability for injuries sustained by employees in the course and scope of their employment duties. Given that difference, the results in the cases are perfectly consistent.

Conclusion
For the reasons stated, we find that Davis was not entitled to coverage under the UM provisions of the policy issued by Home to Jaeger's Inc. Thus, the plaintiff failed to prove that he was entitled to judgment *108 as a matter of law, and the trial court improperly granted the plaintiff's motion for summary judgment. However, the defendant did met its burden of proving that it was entitled to judgment as a matter of law. Thus, the trial court improperly denied its motion for summary judgment. Therefore, the trial court judgment granting the plaintiff's motion for summary judgment and denying the defendant's motion for summary judgment is reversed.
REVERSED.