614 So.2d 312 (1993)
Daisy Clark ARMSTRONG, et al.
v.
HANOVER INSURANCE COMPANY, et al.
No. 92-CA-0670.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Writ Denied May 7, 1993.
Harry T. Widmann, New Orleans, for plaintiffs/appellants.
Burt K. Carnahan, Lane A. Schaffer, Lobman, Carnahan & Batt, Metairie, for defendants/appellees.
*313 Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Plaintiff is the widow of Walter J. Armstrong, Jr. who was killed while working as a flagman in connection with a construction project alongside a highway in Plaquemines Parish. She has appealed from a summary judgment which dismissed her suit brought under the uninsured motorist (UM) provisions of the insurance policy issued by Hanover Insurance Company to decedent's employer. The issue is whether he could possibly be construed as "occupying" one of the insured vehicles while he was working as a flagman.
In her petition plaintiff alleges that decedent was employed by Hebert Brothers Engineers, Inc. as a flagman in connection with a water line repair project taking place along the highway when an uninsured motorist ran his vehicle into the decedent causing his death. At this time decedent was serving as flagman for his employer's tractor and he was assigned a company pick-up truck in connection with the job.
In the UM endorsement of the policy an insured is defined in pertinent part as anyone "occupying" a covered "auto". It defines "occupying" to mean "in, upon, getting in, on, out or off."
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. Art. 2047. When the accident occurred the decedent was functioning as a flagman on the highway. His activity with respect to a tractor working on the side of the highway and a pick-up truck assigned to him cannot possibly be construed as "in" one of these vehicles, "upon" one, "getting in" one, "getting on" one, "getting out" one, or "getting off" one without distorting the plain words of the policy.
Plaintiff's reliance on Westerfield v. LeFleur, 493 So.2d 600 (La.1986) is misplaced because that case dealt with an entirely different definition than the one in Hanover's policy discussed above. In Westerfield the policy defined "occupying" to mean "in or upon or entering into or alighting from" the insured school bus. The court focused upon the words "entering into" and concluded they were ambiguous and could be construed to cover this child who was crossing the road to board the school bus. Those words "entering into" are not included in Hanover's policy so that the Westerfield case has no application to the present case.
Our conclusion is consistent with this court's decision in Davis v. Brock, 602 So.2d 104 (La.App. 4th Cir.1992).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
The summary judgment is clearly inappropriate based on the pleadings.
Paragraph IV of Mrs. Armstrong's petition alleges that her husband was "assigned as a flagman in connection with a water line repair project taking place alongside old Highway 11 in Sunrise, Plaquemines Parish." Paragraph VI states that Mr. Armstrong was assigned a pick-up truck which was insured by Hanover. Paragraph VI of the supplemental and amending petition declares:
At the time of the accident Walter J. Armstrong, Jr. was serving as the flagman for an Hebert Brothers tractor and he was also assigned a company pick-up truck in connection with his job. At the time of the matter herewith Hanover Insurance Company was the holder of a policy of vehicular liability insurance in full force and effect in favor of Hebert Brothers Construction Company covering both vehicles, which policy also provided uninsured motorist and underinsured motorist protection.
*314 In support of its summary judgment motion Hanover only submitted its policy. Section V, Definitions, provides:
D. `Insured' means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or `suit' is brought.
Section II, A1, Liability Coverage, provides:
WHO IS AN INSURED
The following are `insureds:'
a. You for any covered `auto.'
b. Anyone else while using with your permission a covered `auto' you own, hire or borrow....
Hanover's uninsured motorist provision defines "insured" as:
1. You.
2. If you are an individual, any `family member.'
3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' ...
Under Additional Definitions "occupying" means "in, upon, getting in, on, out or off."
Hanover claimed in its memorandum that Mr. Armstrong was working as a flagman and did not occupy an Hebert vehicle at the time of the accident. Hanover did not submit an affidavit or evidence to show that Mr. Armstrong's relationship to the Hebert tractor does not fall under any reasonable jurisprudential interpretation of "occupying."
Mrs. Armstrong's opposition memorandum argued that Hanover failed to show that her husband was not in contact with a covered vehicle or that his relationship to the covered tractor was insufficient to trigger coverage. Hanover then submitted a supplemental memorandum in which cases interpreting "occupying" were discussed. Mrs. Armstrong filed her first supplemental petition (paragraph VI quoted above) in which she alleged her husband was serving as a flagman for a covered Hebert tractor. Hanover filed a second supplemental memorandum which focused on an interpretation of the insured "You" and submitted that Mr. Armstrong did not occupy an insured vehicle.
Summary judgment is proper if the pleadings, depositions, admissions and supporting affidavits show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B; Barham & Churchill v. Campbell, 503 So.2d 576 (La.App. 4th Cir.1987), writ denied 503 So.2d 1018 (La. 1987). The mover must affirmatively and clearly prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of trial on the merits. Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991).
The mover's pleadings, affidavits and documents must be scrutinized closely, while those of the opponent are to be indulgently treated. Barham, 503 So.2d at 576. Unsworn statements and allegations in a memorandum do not meet the strict burden of proof imposed upon the mover. Hughes v. Grant, 479 So.2d 35 (La.App. 4th Cir. 1985). The Court must determine whether the mover's supporting documents are sufficient to resolve all material fact issues. If not summary judgment must be denied. Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980).
Insurance policies are liberally construed in favor of uninsured motorist coverage and any exception to mandatory uninsured motorist coverage must be strictly construed. Davis v. Brock, 602 So.2d 104 (La.App. 4th Cir.1992), writ denied 605 So.2d 1146 (La.1992). If words and phrases contained in an insurance contract are ambiguous, they are to be construed in favor of the person claiming coverage. Credeur v. Luke, 368 So.2d 1030 (La.1979).
A summary judgment may not declare lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence, under which coverage could be afforded. Westerfield v. LeFleur, 493 So.2d 600 (La.1986).
*315 In granting the summary judgment the trial court reasoned:
That issue was whether an employee of a corporation insured under a policy of insurance providing uninsured coverage could be considered covered when the policy defines the insured as, among others, `You'.
The court held that "You" does not include employees of the insured corporation. The court concluded that Mr. Armstrong was not related to the insured, Hanover, that he did not occupy a covered automobile, and therefore was not an "insured".

ANALYSIS
The trial court correctly concluded that "You" refers to the insured, Hebert Brothers Engineers, Inc., and not to its employees. Davis v. Brock, 602 So.2d at 104; Leon Lowe & Sons v. Great American Surplus Lines Insurance Company, 572 So.2d 206 (La.App. 1st Cir.1990); Rodriguez v. Continental Casualty Company, 551 So.2d 45 (La.App. 1st Cir.1989). Hanover relies on Davis; however, that opinion is not on point. Davis, a delivery man, was struck by an uninsured motorist while he was a pedestrian crossing a street. Davis was not "occupying" his employer's insured truck and had no relationship to the truck when he was injured.
Although Mr. Armstrong is not an insured under "You" of the policy, he may be an insured under the provision covering anyone "occupying" a covered vehicle. The Louisiana Supreme Court has noted that "occupying," under a strict interpretation, would require a person to touch or be in a vehicle; however, the Court recognized "that there are other reasonable interpretations more favorable to the person seeking coverage." (Emphasis added). Westerfield, 493 So.2d at 603. Importantly, the Supreme Court concluded that physical contact with the vehicle was not necessary to find coverage. Rather, the question is "the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting...." Id. (emphasis supplied), quoting Day v. Coca-Cola Bottling Company, Inc., 420 So.2d 518, 520 (La.App. 2d Cir. 1982).
The Westerfield court cited other jurisdictions' attempts to define "occupying". Cases have emphasized that the plaintiff was engaged in activities related to the use of the insured vehicle or performing an act that was physically and directly related to the vehicle. Westerfield, 493 So.2d at 604, citing Cocking v. State Farm Mutual Automobile Insurance Company, 6 Cal. App.3d 965, 86 Cal.Rptr. 193 (1970); Rau v. Liberty Mutual Insurance Company, 21 Wash.App. 326, 585 P.2d 157 (1978).
The Supreme Court found young Angie Westerfield was an insured when she was killed crossing "the roadway under the protection of law in response to an immobile signalized school bus with the intention of boarding it for transportation to school." Westerfield, 493 So.2d at 606. Although Westerfield is factually distinguishable, its discussion is very relevant to interpret Hanover's policy language, "`occupying' a covered `auto' ..." under Hanover's policy.
When reviewing a summary judgment an appellate court considers the evidence de novo, using the same criteria as the trial court to determine whether summary judgment is proper. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991).
Mrs. Armstrong's supplemental petition alleged that her husband was working as a flagman for a tractor owned by Hebert and covered by Hanover's policy when he was killed. Hanover submitted no documentation as to whether Mr. Armstrong was in physical contact with the tractor, or engaged in any activity which was physically or directly related to the vehicle. Hanover does not dispute that the tractor was insured; however, Hanover's brief contains a footnote which notes the definition of auto "does not include `mobile equipment.'" Mobile equipment is defined but does not specifically mention a tractor. Importantly, page two of Hanover's Business Auto Change Endorsement (effective 6/24/90) lists more than one "TRCTR" in the Schedule of Covered Autos owned by Hebert.
In summary, the petition alleged Mr. Armstrong was working as a flagman for *316 an insured tractor. Hanover failed to establish the relationship between Mr. Armstrong and the tractor. Clearly, Mr. Armstrong was engaged in an activity that was physically and directly related to the tractor.
Hanover did not carry its burden to show that there is no genuine issue of material fact as to whether Mr. Armstrong was "occupying" a covered vehicle under any reasonable interpretation and an insured under its policy.
The summary judgment was improper and should be reversed.