[{.GOTHARD, Judge.
Plaintiff, David Gauthreaux, appeals from a decision granting summary judgment in favor of defendant Allstate Insurance Company, and dismissing plaintiffs claim against Allstate. We affirm the decision of the trial court.
The facts were not in dispute in this case. Mr. Gauthreaux was employed by Applied Earth Sciences as an environmental technician. His job involved ground water sampling, and he was assigned a company truck to travel to and from the work sites. Plaintiff testified that when conducting a ground water sampling, the first thing he would do would be to set up *458 a decontamination station on the tailgate of the truck. Then he would gauge the well, bail out the well and then decontaminate the bailer. The decontamination station on the tailgate of the truck would be used to decontaminate the bailer. He would take the ground water sample and place it in a sample container, and place the container in an ice 13chest in the back of the truck. He would then fill out some forms while sitting in the cab of the truck.
On December 2, 1993, plaintiff was assigned to well testing and monitoring .of pumps at an Exxon Service Station in Gauthier, Mississippi. While plaintiff was drawing water from the well, he was struck by a vehicle operated by Ms. Betty Browder. Plaintiff admitted that the truck was more than ten feet from the well, and from where he was struck, at the time of the accident.
Plaintiff settled his claims against Ms. Browder and her insurer, Prudential Insurance Company (“Prudential”) for the sum of $25,000.00. On July 26,1995, plaintiff filed suit against Zurich, insurer of his employer, claiming he was an insured of the business policy and entitled to uninsured motorist coverage for the accident. Plaintiff also named as a defendant Allstate, his own personal uninsured motorist carrier.
On December 20, 1995, Zurich filed a motion for summary judgment, alleging that the policy issued by Zurich in favor of the employer, Applied Earth Sciences, did not provide uninsured coverage to plaintiff. Plaintiff opposed the motion for summary judgment, contending that he was an insured. The motion for summary judgment was denied, as were applications for supervisory writs filed with this court (Writ No. 96-C-179) and with the Louisiana Supreme Court. Gauthreaux v. Allstate, 96-1344 (La.9/13/96), 679 So.2d 104.
After the Louisiana Supreme Court denied writs, plaintiff and Zurich entered into mediation, and on April 7, 1997, plaintiff settled with Zurich for the sum of $14,000.00, less than the policy limits of $1,000,000.00. After that judgment, Zurich was dismissed with prejudice but plaintiffs right to proceed against Allstate was preserved.
|4On June 5, 1997, plaintiff filed a motion for summary judgment and or directed verdict against Allstate. In this argument, plaintiff argued that he was not an insured under Zurich’s policy issued to Applied Earth Sciences, and that he was provided uninsured motorist coverage by Allstate. Allstate contended that there was coverage under the Zurich policy, and that the Zurich policy primed that of Allstate. Further, because Zurich’s policy limits were not exhausted, Allstate did not face exposure in this suit. The parties proceeded to trial and, after evidence heard, the trial court ruled that coverage was provided by Zurich prior to the settlement. Accordingly, the court rendered judgment dismissing Allstate from this suit. This appeal followed.
At trial, the sole issue was whether the plaintiff was an insured under the policy issued by Zurich to plaintiffs employer.
La. R.S. 22:1406D(l)(c)(ii) provides in part that:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
*459 Thus, the issue of whether plaintiff was provided uninsured motorist coverage by Zurich is germane to this suit. Plaintiff settled with Zurich for $14,000.00, substantially less than the policy limits of $1,000,-000.00. Thus, if IsZurich provided uninsured motorist coverage, that coverage was primary. Because that primary uninsured motorist coverage was not exhausted, plaintiff may not recover its excess from the secondary uninsured motorist policy.
The policy in question, issued by Zurich to Applied Earth Sciences, provided that:
A. Coverage
We will pay all sums the “insured” is legally entitled to recover as damages from the owner or driver of a “uninsured motor vehicle”.
B. Who is an insured?
1) You.
2) If you are an individual, any “family member”.
8) Anyone else “occupying” a covered “auto” ...
[[Image here]]
F. Additional Definitions:
2. “Occupying” means in, upon, get- • ting in, on, out or off.
In Westerfield v. LaFleur, 493 So.2d 600 (La.1986) the court considered the applicable jurisprudence and stated that “... It is not necessary for a plaintiff, to come within coverage of an uninsured motorist clause, to prove, as an essential element of his claim, that he was actually physically touching the car at the time of the injury.” Id. at 603. The court then cited with approval the case of Day v. Coca-Cola Bottling Company, Inc., 420 So.2d 518, 520 (La.App. 2 Cir.1982):
It is not the physical contact with the vehicle that serves as a basis to determine whether a person is injured while alighting from a vehicle but it is the relationship between the person and the vehicle, |r,obviously of time and in distance with regard to the risk of alighting that determines specific coverage.
In White v. Williams, 563 So.2d 1316, 1318 (La.App. 3 Cir.1990) the court noted that, in analyzing the issue of'whether a person was occupying a vehicle for the purposes of uninsured motorist coverage:
Our courts have looked to the relationship between the plaintiff and the insured vehicle at the time of the accident in addition to actual physical contact with the vehicle at the moment of the accident.
In Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 665, the Supreme Court was faced with policy language identical to that in the present case, and found no coverage. In that case, the employee, a police officer, had exited the vehicle and had been directing traffic for five or ten minutes before he was struck by an uninsured motorist. The court stated that the officer was not in, upon, getting in, getting on, getting out, or getting off the vehicle at the time of the accident.
In the case of Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir. 9/19/97), 700 So.2d 951, the plaintiff had exited his car, and was walking toward a convenience store to get some water, when he was struck in the store’s parking lot. The appellate court, in concluding that there was no coverage, adopted the factors considered by the trial court to determine whether the plaintiff was “occupying” the vehicle for purposes of uninsured motorist coverage:
“In order for the uninsured motorist coverage to apply in the instant case the plaintiff must prove that the time and distance factors were proximate to the risk to . which a person exposes himself while alighting from a vehicle. Alternatively, in order for the plaintiff to recover, there must be proof that he was on a mission related to the vehicle.” Id. at 952.
^Considering the jurisprudence and the., undisputed facts of this case, we *460 find that plaintiff was occupying the vehicle for the purposes of uninsured motorist coverage, and therefore, the trial court correctly determined that there was coverage by Zurich prior to the plaintiffs settlement. Plaintiff was in the course and scope of his employment, and involved in a job in which the truck played an integral part at the time of the accident. Because there was coverage under the Zurich policy, and because the plaintiff settled for less than the policy limits, plaintiff cannot seek additional recovery against his own uninsured motorist policy issued by Allstate. La. R.S. 22:1406D(l)(c)(ii).
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of Allstate Insurance Company is affirmed. All costs are assessed against appellants.
AFFIRMED.
GRISBAUM, J., dissents with written reasons.