h GRISBAUM, J.,
DISSENTING.
I respectfully dissent.
I disagree with the majority that the plaintiff-appellant, David Gauthreaux, was occupying the vehicle for the purposes of uninsured motorist (UM) coverage under the Zurich policy.
“When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. Civ.Code art. 2046. “The words of a contract must be given their generally prevailing meaning.” La. Civ.Code art. 2047. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve absurd conclusions. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
In the UM endorsement of Zurich’s policy, an insured is defined, in pertinent part, as anyone “occupying” a covered “auto.” The definition for “occupying” means in, upon, getting in, on, out or off.
Here, it is not disputed that the plaintiff-appellant drove a company vehicle to the job site. However, at the time Mr. Gau-threaux was struck by Ms. Browder, he was not “in” the vehicle, he was not “upon” the vehicle, nor was he “getting, in, on, out or off’ the vehicle. In fact, Mr. Gau-threaux was positioned at the wells at least ten feet away from the vehicle.
| aMr- Gauthreaux admits that he would set up a decontamination station on the tailgate of his truck to perform ground water sampling. The plaintiff-appellant would also place samples in an ice chest located in the bed of the truck. Furthermore, he would complete paperwork in the vehicle.
Although the plaintiff-appellant may have been utilizing his truck in the course and scope of his employment, at the time of the accident, he was in no way physically connected to the vehicle or using his vehicle.
The majority opinion relies on Westerfield v. LaFleur, 493 So.2d 600 (La.1986), for the proposition that “it is not necessary for a plaintiff, to come within coverage of an uninsured motorist clause, to prove, as an essential element of his claim, that he was actually physically touching the car at the time of the injury.” Id. at 603 (citations omitted). I find that reliance on this case is misplaced because the policy in Westerfield dealt with an entirely different definition than the case at hand. The policy in Westerfield defined “occupying” to mean “in or upon or entering into or alighting from” the insured school bus. The court in Westerfield focused upon the words “entering into” and concluded they were ambiguous and could be construed to cover the child who was crossing the road to board the school bus. Those words “entering into” are not included in Zurich’s policy so the Westerfield case has no application to this case. See also Armstrong v. Hanover Ins. Co., 614 So.2d 312 (La.App. *461 4th Cir.), writ denied, 617 So.2d 908 (La.1993).
I find the more applicable case to be Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 665. As noted by the majority, the Louisiana Supreme Court was faced with policy language identical to that in the present case but found no coverage. The employee, a police officer, had exited the vehicle and had been directing traffic for five or ten minutes before he was struck by an uninsured motorist. The court concluded that the officer was not in, upon, |sgetting in, getting on, getting out, or getting off the vehicle at the time of the accident.
Similarly, I find that, at the time of the accident, when the plaintiff-appellant was at the well, he was not engaged in an activity that was physically and directly related to his vehicle. Because he was not in, upon, getting in, getting on, getting out, or getting off the vehicle, I find that he was not “occupying” a covered vehicle under any reasonable interpretation under the UM policy.
Ergo, the plaintiff-appellant should be entitled to seek recovery against his own uninsured motorist policy issued by Allstate Insurance Company.