758 So.2d 379 (2000)
Matt MATTHEWS, et ux., Plaintiffs-Appellants,
v.
PETE MERCER CONSTRUCTION, et al., Defendants-Appellees.
No. 33,085-CA.
Court of Appeal of Louisiana, Second Circuit.
April 7, 2000.
Writ Denied June 16, 2000.
*380 Guerriero & Guerriero by Kevin D. Alexander, Monroe, Counsel for Appellants Matt and Catholis Matthews.
Egan, Johnson & Stiltner by Thomas D. Travis, Baton Rouge, Counsel for Appellant/Intervenor, Louisiana Workers' Compensation Corporation.
Davenport, Files & Kelly by Mike C. Sanders, Stacy L. Guice, Counsel for Appellee American Central Insurance Company.
Before BROWN, STEWART, KOSTELKA, JJ.
KOSTELKA, J.
Matt and Catholis Matthews ("plaintiffs")[1] appeal the summary judgment granted in favor of American Central Insurance Company ("American"),[2] holding that Matt Matthews ("Matthews") was not an insured under the uninsured/underinsured ("UM") policy issued by American to Matthews' employer, Pete Mercer, Inc. ("Mercer").[3] Plaintiffs also appeal the denial of their contrary motion for summary judgment which argued coverage under the policy. We affirm.

FACTS AND PROCEDURAL HISTORY
On May 14, 1998, Matthews was employed by Mercer as a flagman for a street construction zone in Monroe, Louisiana. Matthews drove his employer's truck to the job site and positioned it so as to block the lane of travel on which curb and gutter replacement work was being performed. As an additional driver-assistance measure, Matthews also turned on the vehicle's emergency flashers prior to moving toward the middle of the roadway to begin his flagging duties. Approximately five minutes after he began directing traffic *381 away from the lane where he had parked his truck, Matthews was struck by a car and received injuries to both feet. Matthews normally stood approximately five feet from his truck as he flagged cars and moved the vehicle as the road work progressed.
After settling claims against the driver of the vehicle which struck Matthews and their own insurer, plaintiffs filed the present action against Mercer[4] and American. The UM provisions of American's policy provided as follows:
B. WHO IS AN INSURED
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto...."
. . . .
F. ADDITIONAL DEFINITIONS
. . . .
2. "Occupying" means in, upon, getting in, on, out or off.
. . . .
Based upon this language, American moved for summary judgment in its favor, arguing that because Matthews did not occupy the truck at the time of the accident, the UM provisions of the policy provided no coverage. Plaintiffs also filed a motion for summary judgment claiming that Matthews' relationship to the vehicle, i.e., that he used it to assist him in his employment duties, fell within the definition of "occupying" contained in the UM policy. The trial court granted summary judgment in favor of American, thereby dismissing the suit at plaintiffs' costs. This appeal ensued.

DISCUSSION

Named Insured
On appeal, plaintiffs first contend that Matthews qualifies as a "you" or named insured under both the general liability and UM definitions of "insured." Because the named insured, Pete Mercer, Inc., is not a natural person, plaintiffs argue that coverage extends to employees of Mercer, while in the course and scope of their employment. In addition to the above-noted UM language, the relevant liability provisions read as follows:
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
. . . .
"You" refers to the named insured shown in the Declarations.
The record before us shows that plaintiffs neglected to present these issues in the proceedings below. They are, therefore, precluded from raising them for the first time on appeal. Risinger v. State Farm Mutual Automobile Ins. Co., 29,023 (La.App.2d Cir.06/18/97), 711 So.2d 293.
Moreover, we would be constrained to reject these arguments even were we to address them. Clearly, Section II(B)(4)(a) of the general liability provisions excludes from coverage bodily injury to "an employee of the `insured' arising out of and in the course of employment by the `insured'...." Furthermore, under these facts, the general liability provisions of this policy are inapplicable.
Additionally, the Louisiana Supreme Court has rejected the argument that an employee of a named insured corporation qualifies as a "you" or named insured under the UM provisions of a policy in Valentine v. Bonneville Ins., 96-1382 (La.03/17/97), 691 So.2d 665.[5] There, a *382 Webster Parish sheriff's deputy was injured while directing traffic. The deputy sought coverage as a named "insured" under his employer's UM policy which contained the very same language involved in the present case. The court held that the deputy did not qualify as an "insured" under those policy provisions even when acting within the course and scope of his employment; under those circumstances UM coverage was provided only for individuals "occupying" a covered auto. The court not only declined to distinguish a political entity such as a sheriff's department from a corporation, but also noted that Louisiana jurisprudence has "almost uniformly held that when the named insured is a ... corporation, coverage is restricted to the named insured and does not extend to ... employees of the corporation." Id. footnote 3 at 669.

Occupying
We also reject plaintiffs' argument that Matthews'"relationship" to the vehicle should fall within the policy's definition of "occupying." Plaintiffs' reliance on the cases of Westerfield v. LaFleur, 493 So.2d 600 (La.1986) and Day v. Coca-Cola Bottling Co., Inc., 420 So.2d 518 (La.App. 2d Cir.1982), in support of this argument, is misplaced. A close reading of both of these cases shows that the "physical relationship" test discussed therein was limited to interpretations of the language "entering into or alighting from" and is therefore inapplicable to these facts. See discussions in Valentine, supra and Armstrong v. Hanover Ins. Co., 614 So.2d 312 (La.App. 4th Cir.1993), writ denied, 617 So.2d 908 (La.1993). See also dissent in Gauthreaux v. Allstate Ins. Co., 98-392 (La.App. 5th Cir.03/30/99), 731 So.2d 457, writ denied, 99-1230 (La.06/25/99), 746 So.2d 599. Accordingly, insofar as Gauthreaux, supra utilizes the "physical relationship" test and because of its unique facts, we decline to find it persuasive to our determination.
We find that Valentine, supra and Armstrong, supra determinably resolve this issue.
American's policy defines "occupying" as "in, upon, getting in, on, out or off." In Valentine the court found this exact language to be "clear and unambiguous" and utilized the general, ordinary, plain and popular meaning of these words to determine the extent of coverage.[6] We can discern no factual distinction between Valentine and the present case. There, the facts showed that "... Valentine proceeded to the middle of the road and began directing traffic. After directing traffic for about `five or ten minutes,' [he] was standing in the north-bound lane when he was struck by a vehicle...." The court surmised that these facts clearly failed to show that Valentine's actions fell within the policy's definition of "occupying."
Armstrong, cited with approval by the Valentine court, is also not only instructive, but factually indistinguishable from the present case. There, the widow of a flagman, killed while working with a construction project, sought coverage under the employer's UM policy. The court, analyzing the facts under the very definition of "occupying" found in the present policy, stated:
When the accident occurred the decedent was functioning as a flagman on the highway. His activity with respect to a tractor working on the side of the highway and a pick-up truck assigned to him cannot possibly be construed as "in" one of these vehicles, "upon" one, "getting in" one, "getting on" one, "getting out" *383 one, or "getting off" one without distorting the plain words of the policy.
Armstrong, supra at 313.
Likewise, in the present case, Matthews admitted in his deposition that when he was hit, he was flagging traffic near the middle of the street. There is no evidence that at the time of the accident he was either moving toward or getting out of the vehicle. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge its provisions beyond what is reasonably contemplated by its terms. Valentine, supra; Reynolds v. Select Properties, Ltd., 93-1480 (La.04/11/94), 634 So.2d 1180. To construe this activity as Matthews' being in, upon, getting in, getting on or getting out of the vehicle, would unreasonably expand the ordinary, plain and popular meaning of the terms included in this policy.

CONCLUSION
Because we find that Matthews was not a named insured under the American policy and the undisputed facts of the case show that he was not "occupying" a covered auto, we affirm the trial court summary judgment in favor of American at plaintiffs' costs.
AFFIRMED.
BROWN, J., dissents with written reasons.
STEWART, J., concurs in the result.
BROWN, J., Dissenting.
Plaintiff was operating a company vehicle within the course and scope of his employment. Plaintiff was an "insured" under the liability portion of the policy. UM coverage was purchased by the employer and provides coverage to all insureds. Further, plaintiff was occupying the company vehicle at the time of the accident. The vehicle was used to help the plaintiff perform his job of flagging traffic.
NOTES
[1] The Louisiana Workers' Compensation Corporation, Intervenor, adopts plaintiffs' arguments on appeal.
[2] Plaintiffs incorrectly named Commercial Union Insurance Company as a defendant in their original pleadings. Because, however, American admitted to being "one of the Commercial Union Insurance Companies" in its answer to the petition, no amendment to the original pleadings occurred.
[3] Also referred to as Pete Mercer Construction Company, Inc.
[4] Because the workers' compensation law provided Matthews' sole remedy against his employer, Mercer was dismissed from the suit by joint motion of the parties on May 6, 1999.
[5] We recognize that Valentine is not a unanimous opinion. Interestingly, however, Chief Justice Calogero's dissent turned upon his belief that "[T]he sheriff's department, unlike a corporation, is not a legal entity with its own separate existence apart from its members ...," and that therefore an ambiguity as to coverage existed in that case. Notably, Justice Knoll agreed with the Chief Justice regarding the ambiguity of the named insured under those facts.
[6] Valentine distinguished the present policy definition of "occupying" from a policy definition which included the language "entering into or alighting from" in Westerfield, supra. The court there found that "entering into" was ambiguous and could be construed to cover a child who was crossing the road to board a school bus.