GAUDIN, Judge.
This is an appeal from a district court judgment dismissing, via a motion for summary judgment, one of the named defendants, United States Fidelity and Guaranty Company.
Appellant is Edwardo E. Vera, who was injured in an automobile accident on August 20, 1983. He argued unsuccessfully that an automobile insurance policy issued by USF&G to his (Vera’s) employer, Hur-witz-Mintz Furniture Company, covered him under its uninsured motorist provisions.
The policy in question lists as named insured: Hurwitz-Mintz Furniture Company, Ellis Mintz, Mitchell Lloyd Mintz, Albert Mintz, Sol Mintz, Mrs. Bella Mintz Shlansky Goldberg and Units, a division of Hurwitz-Mintz Furniture Company.
The trial judge did not find that the policy provided coverage either to Vera or to the accident he was involved in. We affirm.
When the sued-on accident happened at approximately 3:30 a.m. on the Lake Pontchartrain Causeway, Vera was a passenger in an automobile driven by Gregory J. Meier. In denying coverage by USF&G, the trial judge in his “Reasons for Judgment” pointed out (1) that Vera was on a pleasure trip, (2) that he was not listed as an insured in the subject policy and (3) that he was not acting within the scope of his employment when he was hurt. Meier was not a Hurwitz-Mintz employee and his vehicle was neither owned by any of the named insureds nor being operated for the benefit of any of them.
Nonetheless, Vera contends that under the provisions of LSA-R.S. 22:1406 the uninsured motorist segment of the USF&G policy does afford him coverage. In his “Reasons,” the trial judge stated:
“Plaintiffs argument ... rests upon his contention that under the law uninsured motorist coverage is presumed unless it is specifically excluded.
“LSA-R.S. 22:1406 requires that an insured’s rejection of uninsured motorist coverage or selection of lower limits be in writing. See Page v. American Motorist Insurance Co., Ltd., 381 So.2d 889 (La.App. 2nd Cir.1980), which held that LSA-R.S. 22:1406 requires that automobile liability policies written in Louisiana contain uninsured motorist coverage unless such coverage is rejected in writing by the insured.
“The Court finds the language in the USF&G policy is clear and unambiguous. Mr. Vera is not an insured ...
“... a person who does not qualify as an insured under the policy is not entitled to uninsured motorist coverage. Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir.1983).”
We cannot say that the trial judge erred. We know of no Louisiana cases providing coverage to a claimant under facts and circumstances synonymous with Vera’s. Appellant cites various cases but they are inapplicable.
*1168 It is undisputed that Vera was not a listed insured but only an employee of Hur-witz-Mintz unfortunately injured on a pleasure trip not related, directly or indirectly, to his employment. Accordingly, summary judgment dismissing USF&G was correct, there being no triable issues of either fact or law. Appellant is to pay costs.
AFFIRMED.