691 So.2d 665 (1997)
Gary L. VALENTINE
v.
BONNEVILLE INSURANCE COMPANY, et al.
No. 96-C-1382.
Supreme Court of Louisiana.
March 17, 1997.
Dissenting Opinion March 19, 1997.
Rehearing Denied May 9, 1997.
*666 Brian Allen Homza, Cook, Yancey, King & Galloway, Shreveport, for applicant.
James M. Johnson, Campbell, Campbell & Johnson, Minden, Graydon Kellyl Kitchens, III, Edward O. Kernaghan, Kitchens, Benton, Kitchens & Warren, Shreveport, for Respondent.
Dissenting Opinion of Chief Justice Calogero, March 19, 1997.
VICTORY, Justice.[*]
We granted writs in this case to determine (1) whether a deputy sheriff is included within the Uninsured Motorist ("UM") coverage provided by a Business Auto Policy where the named insured is the Webster Parish Sheriff's Department and (2) whether the deputy sheriff was occupying his vehicle such that he would be eligible for coverage under the provisions of the UM policy providing coverage for anyone "occupying" a covered auto. For the reasons that follow we reverse the court of appeal's finding that a sheriff's deputy is a named insured under the Business *667 Auto Policy issued to the Webster Parish Sheriff's Department. Furthermore, we find that Deputy Valentine was not "occupying" his vehicle as that term is defined in the Business Auto Policy.

FACTS AND PROCEDURAL HISTORY
While on duty, Webster Parish Sheriff's Deputy Gary L. Valentine observed a suspected DWI driver at approximately 6:30 p.m. on March 16, 1991 within the city limits of Minden, Louisiana. As was the custom when observing a traffic offense within city limits, Deputy Valentine radioed the Minden City Police Department for assistance. Officer Keith Banta of the Minden City Police Department arrived shortly thereafter and together with Deputy Valentine, the two officers stopped the suspect. After a brief discussion between Banta and Valentine, the officers decided that Officer Banta would investigate the suspect and Deputy Valentine would direct traffic to prevent any accidents.
With the overhead lights of both Officer Banta's and Deputy Valentine's vehicles for illumination, Deputy Valentine proceeded to the middle of Lewisville Road and began directing traffic. Deputy Valentine directed traffic using arm signals and a flashlight for approximately five to ten minutes when he was struck by a vehicle driven by Winnie S. Hall, an uninsured motorist.
Deputy Valentine filed suit against Mrs. Hall, her husband and their liability insurer, his personal uninsured motorist carrier, and Commercial Union Insurance Company ("Commercial Union"), the insurer of the Webster Parish Sheriff's Department.
Deputy Valentine and Commercial Union filed motions for summary judgment to determine if Deputy Valentine was covered under the underinsured motorist provisions of the Webster Parish Sheriff's Department's policy. After briefing and oral argument, the trial court granted Deputy Valentine's motion for summary judgment, determining not only was Deputy Valentine an insured under the Commercial Union policy, but he was also "occupying" a covered automobile and thus entitled to coverage under the policy. Commercial Union's motion for summary judgment was denied. The Second Circuit Court of Appeal affirmed the trial court's finding that Deputy Valentine was an insured under the policy, but pretermitted any discussion of whether Deputy Valentine was also covered under the policy by virtue of "occupying" a covered auto. Valentine v. Bonneville Insurance Company, 28,109 (La. App. 2d Cir. 4/8/96); 672 So.2d 461. We granted writs to review the correctness of this ruling.

DISCUSSION
The Commercial Union policy in question is a Business Automobile policy designed to provide liability and UM coverage to certain persons under limited circumstances. The relevant provisions of the policy are:
A. Coverage
1. We [Commercial Union] will pay all sums the `insured' is legally entitled to recover as damage from the owner or driver of an `uninsured motor vehicle....'
* * * * * *
B. Who is an Insured
1. You
2. If you are an individual, any `family member.'
3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.'
According to the policy, the word "you" refers to the Named Insured shown in the Declarations. The relevant portion of the declaration page that identifies who is the named insured reads as follows:
 Named Insured & Mailing Address
 Webster Parish Sheriff's Department
 P.O. Box 877
 Minden, LA 71055
The above policy language affords Deputy Valentine two opportunities to fall within the ambit of coverage provided. First, he may qualify for coverage as "you," that is, the named insured. Second, coverage is provided for anyone else "occupying" a covered auto.
*668 An insurance policy is a contract between the parties and should be construed using general rules of interpretation of contracts set forth in the civil code. Lewis v. Hamilton, 94-2204 (La. 4/10/95); 652 So.2d 1327. If the wording of the policy at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Ledbetter v. Concord General Corp., 95-0809 (La. 1/6/96); 665 So.2d 1166. The parties' intent, as reflected by the words of the policy, determines the extent of coverage and such intent is to be determined in accordance with the general, ordinary, plain, and popular meaning of words used in the policy, unless the words have acquired a technical meaning. Id. at 1169. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve absurd conclusions. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94); 634 So.2d 1180. If ambiguity still remains after applying other general rules of construction, ambiguous provisions are to be construed against the insurer and in favor of the insured. Crabtree v. State Farm Ins. Co., 93-0509 (La. 2/28/94); 632 So.2d 736.

I. Is Deputy Valentine covered as a named insured?

Relying on the First Circuit Court of Appeal's decision in Employers Ins. Co. of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1st Cir.1982), the court of appeal determined that "the instant policy, issued to the Webster Parish Sheriff's Department, includes Dep. Valentine as a named Insured." Valentine v. Bonneville Insurance Company, 28,109 (La.App. 2d Cir. 4/8/96); 672 So.2d 461, 465.
In Dryden, Wausau's UM policy was issued to the "Terrebonne Parish Sheriff's Office." Similar to the instant case, the policy not only extended coverage to "the named insured," but also "to any other person while occupying an insured highway vehicle." Dryden, 422 So.2d at 1245. Dryden, a captain with the Terrebonne Parish Sheriff's Office, filed suit against Wausau after he was injured, claiming that he was both a named insured under the policy and that he was "occupying" a covered vehicle. The court of appeal agreed that Dryden was a named insured under the policy:
The policy gives "Terrebonne Parish Sheriff's Office" as Named Insured. The Named Insured is an Insured under clause (a). Obviously, "Terrebonne Parish Sheriff's Office" includes not only the Sheriff, but all Deputies as well, as, had the policy been intended to designate the Sheriff alone as Named Insured, the Named Insured would have been the Sheriff. By using the broader term, the policy makes the Sheriff and all Deputies the Named Insured. Id. at 1245.
After determining that the Wausau policy included the Sheriff as a named insured when the named insured was designated as the "Terrebonne Parish Sheriff's Office," the court of appeal found no reason to exclude the Sheriff's deputies from also being included as named insureds.
It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued. Ferguson v. Stephens, 623 So.2d 711 (La.App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's Dept., 511 So.2d 8 (La.App. 3d Cir.1987); Jenkins v. Jefferson Parish Sheriff's Office, 385 So.2d 578 (La.App. 4th Cir.1980). It is the elected Sheriff, not the "Parish Sheriff's Office," that is the constitutionally designated chief law enforcement officer of the Parish. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Department, 350 So.2d 236 (La.App. 3d Cir.1977). The law of Louisiana affords no legal status to the "Parish Sheriff's Department" so that the department can sue or be sued, such status being reserved for the Sheriff. Id. at 238.
However, regardless of whether the policy issued to the "Webster Parish Sheriff's Department" includes as a named insured the Sheriff in his individual capacity,[2] we disagree *669 with the Dryden court and the court of appeal in the instant case that the Sheriff's deputies are included as named insureds under a policy issued to the "Webster Parish Sheriff's Department."
The Named Insured under the Commercial Union policy is the Webster Parish Sheriff's Department, not the individual deputies. Under the policy, a named insured is provided UM coverage wherever he is, whatever he is doing, and regardless of whether he is on the job or merely tending to his private affairs. Thus, if the Sheriff's deputies are covered as named insureds, coverage would follow them regardless of where they were or what they were doing, thus negating the need for the deputies to obtain UM coverage for themselves. Because the Sheriff, as the employer of the deputies, has no obligation to supply the deputies with UM coverage at all, there is no reason to believe that the Sheriff intended to provide them with UM coverage at all times, all places and under all conditions. In addition, because there is no indication that the sheriff's deputies paid for UM coverage through the Sheriff's Department, it is much more reasonable to conclude that the Sheriff merely intended to cover his deputies when they were most at risk, i.e. when they were driving or otherwise occupying their patrol cars.[3]
Deputy Valentine, however, argues that if he is not a named insured, then the Sheriff is the only named insured and thus the premiums collected for UM coverage extend coverage to only one person. We disagree. Valentine's argument assumes that the Sheriff is covered under the UM policy as a named insured. As noted above, we decline to comment on whether the Sheriff individually is included as a named insured under the policy issued to the Webster Parish Sheriff's Department. However, even if the Sheriff were not included as a named insured, the failure to have someone designated for coverage as a "you" (a named insured) is of no moment. In most cases, as in the present case, UM coverage is provided to protect against bodily injury damages. Corporations and political entities, legal persons that are incapable of sustaining bodily injury damage, buy UM policies in which the corporation or political entity is the named insured. As in the instant case, coverage is provided under these policies for anyone "occupying" a covered auto. Valentine's argument fails to recognize that coverage is provided to the Webster *670 Parish Sheriff's Department for anyone "occupying" a covered auto or a temporary substitute for a covered auto. Thus, any person, whether that person is the Sheriff, a deputy, another employee of the Webster Parish Sheriff's Department or anyone else, is covered under the Commercial Union policy as long as that person is "occupying" a covered auto.
Thus, for the reasons stated above, we hold that Deputy Valentine is not included as a named insured for purposes of UM coverage under the Commercial Union policy designating the Webster Parish Sheriff's Department as the named insured.

II. Is Deputy Valentine covered by virtue of "occupying" a covered auto?

Although we have determined that Deputy Valentine fails to qualify for coverage under the Commercial Union policy as a named insured, this determination does not end our inquiry. Deputy Valentine also claims that he is covered under the policy because he was "occupying" a covered vehicle.
The Commercial Union policy defines "occupying" as "in, upon, getting in, on, out or off." Louisiana courts have had numerous occasions to interpret "occupying" clauses of various policies and have predictably reached different results based in large part on the specific language used in the policy at issue. For example, in Westerfield v. LaFleur, 493 So.2d 600 (La.1986), the UM policy at issue defined "occupying" to mean "in or upon or entering into or alighting from." Focusing on the words "entering into," this Court concluded that these words were ambiguous and could be construed to extend coverage to a child who was crossing the street to board a school bus when she was struck by an uninsured motorist. Westerfield, 493 So.2d at 606. Quoting with approval the reasoning of the Second Circuit Court of Appeal in Day v. Coca-Cola Bottling Company, Inc., 420 So.2d 518 (La.App.2d Cir.1982), this Court in Westerfield stated:
It is not physical contact with the vehicle that serves as a basis to determine whether a person is injured while alighting from a vehicle but it is the relationship between the person and the vehicle, obviously of time and distance with regard to the risk of alighting that determines specific coverage. Westerfield, 493 So.2d at 603.
This fact intensive process of determining how long a person has been out of the vehicle and how far away from the vehicle the person has gone has come to be known as the "physical relationship test." Using this test, other Louisiana courts have reached similar results in interpreting similar definitions of "occupying."[4]
However, in Armstrong v. Hanover Ins. Co., 614 So.2d 312 (La.App. 4th Cir.1993), the Fourth Circuit Court of Appeal reached a different result when faced with policy language similar to that of the present case. In Hanover, the UM policy defined "occupying" in the exact manner as in the present case; "in, upon, getting in, on, out or off." The plaintiff, the widow of a worker killed while working as a flagman in connection with a construction project alongside a highway in Plaquemines Parish, sought coverage under her husband's employer's UM policy on the basis that her husband was "occupying" an insured vehicle at the time he was killed. Looking at the specific wording of the policy at issue and using the general, ordinary, plain and popular meaning of the words used in the policy, the court determined that plaintiff's husband was not covered under the employer's UM policy:
When the accident occurred the decedent was functioning as a flagman on the highway. His activity with respect to a tractor working on the side of the highway and a pick-up truck assigned to him cannot possibly be construed as "in" one of these vehicles, "upon" one, "getting in" one, "getting on" one, "getting out" one, or "getting off" one without distorting the plain words of the policy.
*671 Furthermore, the court in Hanover distinguished Westerfield on the basis that the definition of "occupying" at issue in Westerfield was different than the definition in Hanover's policy:
Plaintiff's reliance on Westerfield v. LaFleur, 493 So.2d 600 (La.1986) is misplaced because that case dealt with an entirely different definition than the one in Hanover's policy discussed above. In Westerfield the policy defined "occupying" to mean "in or upon or entering into or alighting from" the insured school bus. The court focused upon the words "entering into" and concluded they were ambiguous and could be construed to cover this child who was crossing the road to board the school bus. Those words "entering into" are not included in Hanover's policy so that the Westerfield case has no application to the present case.
We agree with the Fourth Circuit Court of Appeal's reasoning in Hanover and likewise conclude that Westerfield does not apply in the present case. Not only was the language used in the Westerfield policy different that the language used by Commercial Union in the present case, but the Court in Westerfield determined that the policy language in that case was ambiguous and thus susceptible to more than one meaning. In the present case, we find that the language of the Commercial Union policy is clear and unambiguous and thus determine the extent of coverage using the general, ordinary, plain and popular meaning of the words used in the policy.
In his deposition, Deputy Valentine stated that after stopping the suspected DWI driver, he and officer Banta approached the suspect's vehicle. At the time they stopped the suspect, all three vehicles were on the shoulder of the south-bound lane with the vehicles encroaching on the south-bound lane by approximately one foot. Deputy Valentine then asked the suspect to get out of the car and step to the rear of the vehicle. At this point, Deputy Valentine turned over the investigation to Officer Banta who was going to administer a field sobriety test and effect an arrest if necessary. Shortly thereafter, Deputy Valentine noticed that traffic was beginning to build-up. Concerned that an accident might occur, Valentine proceeded to the middle of the road and began directing traffic. After directing traffic for about "five or ten minutes," Valentine was standing in the north-bound lane when he was struck by a vehicle driven by an uninsured motorist. At no time after he made the initial stop of the DWI suspect did Deputy Valentine return to or attempt to return to his vehicle. He was directing traffic when he was hit and injured.
As noted above, an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge its provisions beyond what is reasonably contemplated by its terms. Reynolds, 634 So.2d at 1183. Based on Deputy Valentine's deposition testimony, he was clearly not "in" the vehicle, "upon" the vehicle, "getting in" the vehicle, "getting on" the vehicle, "getting out" of the vehicle, or "getting off" the vehicle when he was injured.

CONCLUSION
Because Deputy Valentine was not a named insured under the Commercial Union policy and the undisputed facts of this case show that he was not "occupying" a covered auto, the trial court and court of appeal erred in granting Valentine's motion for summary judgment and failing to grant summary judgment in favor of Commercial Union.

DECREE
For the reasons stated herein, the judgments of the trial court and the court of appeal are reversed. Judgment is entered sustaining Commercial Union's motion for summary judgment and rejecting Valentine's claims versus Commercial Union. All costs are assessed to Valentine.

REVERSED AND RENDERED.
CALOGERO, C.J., and JOHNSON and KNOLL, JJ., dissent and assign reasons.
JOHNSON, Justice, dissenting.
Gary L. Valentine, a Deputy Sheriff with the Webster Parish Sheriff's Office was assisting with a DWI arrest on the evening of March 6, 1991, when he stepped from his vehicle to direct traffic. Clearly, he was *672 within the course and scope of his employment while securing traffic.
Commercial Union Insurance Company urges us to hold that the policy of insurance issued to the Webster Parish Sheriff's Department did not include Deputy Valentine as an insured because under the facts of this case, he was not a named insured under the policy and he was not "occupying" a covered vehicle.
I agree with the reasoning of the appellate court that "Webster Parish Sheriff's Department easily and logically encompasses an identifiable group of persons, including sheriff's deputies; had only the sheriff himself been intended, the policy could have so stated." Valentine v. Bonneville Insurance Company, 672 So.2d 461, 464 (La.App.2d Cir. 1996).
I would affirm the judgment of the trial court and appellate court, and deny the Motion for Summary Judgment.
KNOLL, Justice, dissenting.
I agree with Chief Justice Calogero's dissent regarding the ambiguity of the named insured in the policy. Additionally, I find it significant that Deputy Valentine was engaged in his duties as a deputy sheriff and was assigned to one of the insured patrol units at the time he was struck by the uninsured motorist.
The Webster Parish Sheriff's Department, as an unincorporated association, cannot perform any act without one of its agents acting for it. The Webster Parish Sheriff's Department cannot drive a patrol unit, nor can it suffer damages by being struck by an uninsured motorist. Most of the department's functions are necessarily performed by its deputies. We need not address the issue of whether Deputy Valentine is covered at all times, in all places, and under all conditions. We merely must decide whether a deputy is covered when he is struck by an uninsured motorist while he is on duty, performing an official traffic-related function, and assigned to an insured patrol unit. I find that at a bare minimum, while the deputy is performing his official duties, especially under the instant circumstances, he is the "Webster Parish Sheriff's Department" named in the policy.
I find that under Employers Ins. Co. of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1 Cir.1982), Deputy Valentine is a named insured under the policy. I also find Hobbs v. Rhodes, 95-1937 (La.App. 4 Cir. 11/30/95); 667 So.2d 1112, writ denied, 96-0733 (La. 5/3/96); 672 So.2d 691, applicable. In Hobbs an employee of the named insured was covered when he was struck by an uninsured motorist, even though the employee was not occupying a covered vehicle at the time of the accident. The court in Hobbs cited Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), and held that because the employee was covered under the liability provisions of the policy while in the course and scope of his employment, he was necessarily covered to the same extent by the uninsured motorist provisions. I therefore find it significant that Deputy Valentine was in the course and scope of his employment at the time of the accident.
For the foregoing reasons, I respectfully dissent.
CALOGERO, Chief Justice, dissenting.
The majority concludes that the plaintiff, a deputy sheriff, is not a "named insured" for purposes of U.M. coverage under the policy issued by the defendant. I disagree.
The pertinent policy provision reads as follows:
B. Who is an insured
1. You.
2. If You are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto."
"You" refers to the "named insured," which the policy identifies as "Webster Parish Sheriff's Department." Under Louisiana law, the sheriff's department, unlike a corporation, is not a legal entity with its own separate existence apart from its members. See Riley v. Evangeline Parish Police Jury, 630 So.2d 1314 (La.App. 3d Cir.1993), reversed on other grounds, 94-0202 (La. *673 4/04/94), 637 So.2d 395 (per curiam).[1] Thus, because the sheriff's department lacks a separate legal identity, the term "Webster Parish Sheriff's Department" is ambiguous with respect to the scope of coverage as a "named insured"or a "You"under the policy, and it is hornbook law that ambiguity in an insurance policy is construed against the insurer, the drafter of the policy. See, e.g., Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La. 1988).
Having determined that the Sheriff's Department is not a recognized legal entity, the inquiry then becomes: What or who is the sheriff's department? In my view, the sheriff's department is most analogous to an association, which Black's Law Dictionary defines, in pertinent part, as follows:
An unincorporated society; a body of persons united and acting together without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise. It is not a legal entity separate from the persons who compose it.
BLACK'S LAW DICTIONARY 81 (6th ed. 1991). Thus, for all legal purposes, an association is defined by its membership.
Who then are the "members" of the sheriff's department? The answer is clear: the sheriff and the sheriff's employees. As such, it is entirely reasonable to conclude through a two-step process that, in the instant case, (1) "You" refers to the sheriff's department, which is an association, and (2) the association, having no separate legal existence, is only defined by its membershipthe sheriff and his employees. Therefore, construing the ambiguous policy language in favor of the insured, the sheriff and his employees are covered, in my view, under the policy as "named insureds."
The policy at issue also provides coverage to family members if and only if "you" is an individual. "You," as discussed above, refers to the sheriff's department, an association, which although comprised of individuals is not in and of itself an individual. Therefore, the family members of the sheriff and his employees would not be covered, unless, of course, they were found to be "occupying" a covered vehicle.
For the reasons given above, I respectfully dissent.
NOTES
[*] KIMBALL, J., not on panel. Rule IV, Part II, § 3.
[2] The issue presently before this Court does not call into question the inclusion or non-inclusion of the Sheriff as a named insured under the Commercial Union policy issued to the Webster Parish Sheriff's Department. However, assuming arguendo that the policy does include the Sheriff as a named insured, we disagree with the court of appeal's extension of coverage to include the Sheriff's deputies as well. According to the logic of the First Circuit Court of Appeal in Dryden, ("by using the broader term, the policy makes the Sheriff and all Deputies the Named Insured"), it would be difficult to hold that the use of the broad term "Sheriff's Department" did not also include every other employee of the Sheriff's Department as named insureds.
[3] Louisiana courts have almost uniformly held that when the named insured is a political entity or a corporation, coverage is restricted to the named insured and does not extend to the members/employees of the political entity or employees of the corporation. Davis v. Brock, 602 So.2d 104 (La.App. 4th Cir.1992) (employee of seafood restaurant was not covered under employer's UM policy where the named insured was the corporation, Jaeger's Inc.); Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir.1991) (employee of retail furniture store was not covered under employer's UM policy where named insured was the corporation, Shop in Denmark, Inc.); Pridgen v. Jones, 556 So.2d 945 (La.App. 3d Cir.1990) (employee was not covered under employer's UM policy where named insured was the corporation, Petro-Marine Engineering, Inc.); Bryant v. Protective Cas. Ins. Co., 554 So.2d 177 (La.App. 2d Cir.1989) (employee was not covered under employer's UM policy where named insured was the corporation, Berg Mechanical, Inc.); Rodriguez v. Continental Cas. Co., 551 So.2d 45 (La.App. 1st Cir.1989) (Chief of Police was not covered under city's UM policy where named insured was a political entity, the City of Slidell); Vera v. Centennial Ins. Co., 483 So.2d 1166 (La.App. 5th Cir.1986) (employee of furniture store was not covered under employer's UM policy where named insured was the corporation, Hurwitz Mintz Furniture Company); Saffel v. Bamburg, 478 So.2d 663 (La.App. 2d Cir. 1985) (wife of employee of dairy was not covered under employer's UM policy providing coverage to "you or any family member" where named insured was the corporation, Foremost Dairies); Pierron v. Lirette, 468 So.2d 1305 (La.App. 1st Cir.1985) (vice-president and executive officer of corporation was not covered under employer's UM policy where named insured was the corporation, Hy Fashions, Inc.); Morris v. Mitchell, 451 So.2d 192 (La.App. 1st Cir.1984) (school bus driver was not covered under school board's UM policy, despite the fact that she paid a pro-rata share of the premium, where named insured was the political entity, Washington Parish School Board).
[4] See, e.g., White v. Williams, 563 So.2d 1316 (La.App. 3d Cir.1990) (holding that plaintiff was "occupying" the insured vehicle when he was struck while walking from a convenience store to the insured vehicle after paying for gas he had just pumped into the insured vehicle. Policy defined "occupying" as "in, on, getting into or out of").
[1] The Third Circuit's interpretation of the legal identity of a sheriff's department is in accord with the jurisprudence of other states, such as Alabama (Dean v. Barber, 951 F.2d 1210 (11th Cir.1992); Florida (Hutchison v. Prudential Ins. Co. of America, 645 So.2d 1047 (Fla.App. 3d Dist.1994); Indiana (Slay v. Marion County Sheriff's Dep't, 603 N.E.2d 877 (Ind.App. 4th Dist. 1992); Michigan (Rhodes v. McDannel, 945 F.2d 117 (6th Cir.1991); Minnesota (Maras v. City of Brainerd, 502 N.W.2d 69 (Minn.App.1993); North Carolina (Hughes v. Bedsole, 913 F.Supp. 420 (E.D.N.C.1994); Tennessee (Bradford v. Gardner, 578 F.Supp. 382 (E.D.Tenn.1984), all of which conclude that a sheriff's department is not an entity that can sue or be sued.