917 So.2d 556 (2005)
Randy BEACH and Susan Beach
v.
POINTE COUPEE ELECTRIC MEMBERSHIP CORPORATION and XYZ INSURANCE COMPANY.
Donald McGehee and Stephanie McGehee
v.
Pointe Coupee Electric Membership Corporation and XYZ Insurance Company.
S. Paul Didier and Charlotte M. Didier
v.
Pointe Coupee Electric Membership Corporation and Federated Rural Electric Insurance Exchange.
No. 2004 CA 2255 to 2004 CA 2257.
Court of Appeal of Louisiana, First Circuit.
November 16, 2005.
Rehearing Denied December 22, 2005.
*557 D. Blayne Honeycutt, Denham Springs, Counsel for Plaintiffs/Appellants Randy and Susan Beach, Donald and Stephanie McGehee and Paul and Charlotte Didier.
M. Kevin Powell, Kenneth R. Spears, Lake Charles, Counsel for Defendants/Appellees Federated Rural Electric Ins. Exchange and Pointe Coupee Electric Membership Corp.
Mary McCory Hamilton, Lafayette, Counsel for Defendants/Appellees Attorney for Louisiana Generating, LLC and Greenwich Insurance Company.
Patricia J. Delpit, Baton Rouge, Intervenor  Appellee Attorney for Louisiana Workers' Compensation Corporation.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The issue in this appeal is whether defendants, Pointe Coupee Electric Membership Corporation and Federated Rural Electric Insurance Exchange, (Pointe Coupee) can be held responsible for injuries to Randy Beach, Donald McGehee, and S. Paul Didier, (plaintiffs), employees of independent contractor, while performing a repair. The trial court granted Pointe Coupee's motion for summary judgment and from that judgment plaintiffs appeal. For the following reasons we reverse the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
This matter arises from injuries that were allegedly caused by an exposure to PCB-contaminated oil from an electrical transformer owned by Pointe Coupee. Plaintiffs' employer, Louisiana Generating, L.L.C. (LaGen), is in the business of repairing *558 transformers. LaGen contracted with Pointe Coupee to perform maintenance and repair on Pointe Coupee transformers. When an employee of Pointe Coupee noticed liquid leaking from its transformer, LaGen was called in to repair it. LaGen dispatched plaintiffs to repair two small leaks, which they did by applying patches in two places. This repair was completed without mishap. However, several days later, one of the patches began leaking a small amount of oil. LaGen was again called out to re-repair the leak, and plaintiffs were sent back out to perform the repair. While attempting the repair, the line ruptured, spurting plaintiffs with the PCB-contaminated oil. Point Coupee admitted knowing that the oil in the transformer contained contaminates. Pointe Coupee did not advise the employees making the repairs to the transformer to take precautions such as wearing protective gear.
This matter came for hearing on Pointe Coupee's motion for summary judgment; the trial court granted said motion. Plaintiffs appealed alleging that the trial court erred in dismissing the suit against Pointe Coupee because genuine issues of fact exist.

STANDARD OF REVIEW
A summary judgment should be rendered if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material facts, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing that reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to judgment as a matter of law. Sanders v. Posi-Seal International, 95-0701, p. 5 (La.App. 1 Cir. 2/23/96) 668 So.2d 742, 746. The applicable standard of review is de novo, using the same criteria used by the trial court in deciding whether summary judgment should be granted. Id.

DISCUSSION
Plaintiffs' main argument is that a principal cannot escape liability when the principal gives express or implied authorization to an unsafe practice. Plaintiffs contend that there is ample evidence in the record that Pointe Coupee expressly authorized the repair, was present during the repair, and failed in a duty to warn plaintiffs that dangerous contaminates were present in the transformer oil.
We agree insofar as plaintiffs argue that material questions of fact are unresolved. As discussed in Wicker v. Harmony Corporation, 00-0231, p. 5 (La.App. 1 Cir. 3/28/01), 784 So.2d 660, 665, under most civil traditions, when a person without danger to himself or others can provide aid or rescue to another in distress, he has a duty to do so. Id. Accordingly, under Louisiana civil law precepts, a person who observes that another is in obvious peril, has the slight duty to warn of known imminent dangers when he can do so without personal risk. Id. at 666. It is a fact that Pointe Coupee employees were aware of the PCB-contaminated oil in the transformer. However, it is a contested fact whether the plaintiffs were also aware of this contaminated oil. It is also contested whether any Pointe Coupee employees breached a duty to warn the LaGen employees of the danger when they were present at the time of the repairs and knew or should have known that the LaGen employees did not have the proper safety gear.
Concluding that questions of fact remain surrounding whether Pointe Coupee breached its duty to warn of a known danger, we reverse the summary judgment. *559 Plaintiffs' assignment of error has merit.

DECREE
For the above reasons, we reverse the trial court judgment granting summary judgment in favor of Pointe Coupee. The cost of this appeal is assessed against Pointe Coupee Electric Membership Corporation and Federated Rural Electric Insurance Exchange.
REVERSED.
GAIDRY, J., concurs and assigns reasons.
GAIDRY, J., concurring.
Based upon my review of the record, I find no genuine issues of fact as to whether the plaintiffs were aware that the oil in the transformer was PCB-contaminated. Therefore, I will concur.