977 So.2d 1004 (2007)
Alfred NORRED, Jr.
v.
Honorable Elmer LITCHFIELD, Sheriff and East Baton Rouge Parish Sheriffs Office.
No. 2006 CA 2156.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
*1005 Kirk A. Williams, Baker, LA, for Plaintiff/Appellant, Alfred Norred, Jr.
Ryan N. Ours, Baton Rouge, LA, for Defendants/Appellees, Honorable Elmer Litchfield, et al.
Before PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Alfred Norred, Jr. appeals a summary judgment in favor of Elmer Litchfield, Sheriff of East Baton Rouge Parish, Louisiana,[1] in his official capacity. For the following reasons, we affirm the judgment of the trial court.
Mr. Norred alleges in his petition that he was a prisoner in the East Baton Rouge Parish prison in October 2003 and that, because of his medical condition, he was receiving continuous oxygen. He alleges that while he was sleeping, he fell off an examination bed close to the source of oxygen and injured himself. He alleges that his damages were caused by the negligence or legal fault of Sheriff Litchfield in his capacity as sheriff.[2]
*1006 Sheriff Litchfield subsequently filed a motion for summary judgment, asserting that he did not own and did not control the East Baton Rouge parish medical department or its contents. He further asserted that he did not provide medical care to the prisoners and that his office is not a medical provider. An affidavit from Sheriff Litchfield personally, based on his personal knowledge, supported these assertions. He argued, therefore, that he had no duty toward Mr. Norred regarding his medical treatment or the bed from which Mr. Norred fell.
Ruling in favor of Sheriff Litchfield, the trial court found that his responsibilities did not include making sure that the bed worked adequately or providing medical care. The trial court entered judgment accordingly.
Mr. Norred now appeals, asserting three assignments of error summarized as follows: 1) the trial court erred in granting summary judgment on the grounds that Sheriff Litchfield is not as a matter of law responsible for the damages he suffered in the medical unit; 2) the trial court erred by misinterpreting La. R.S. 15:702 et seq. to mean that Sheriff Litchfield is not responsible for the care of the inmates he sends to the medical unit; and 3) the trial court erred in not recognizing that under the circumstances present, while acting as custodian of the prison, Sheriff Litchfield was responsible for Norred's safety.
We conclude that Mr. Norred's arguments misapprehend the law.
Our law provides, and Sheriff Litchfield generally acknowledges, that prison authorities owe a duty to exercise reasonable care to protect inmates from harm. Conerly v. State of Louisiana through the Louisiana State Penitentiary and the Department of Corrections, 02-1852, p. 9 (La.App. 1 Cir. 6/27/03), 858 So.2d 636, 645. This duty, however, is qualified by a requirement that penal authorities have reasonable cause to anticipate the harm: "penal authorities have a duty to use reasonable care in preventing harm after they have reasonable cause to anticipate it." (Emphasis added.) State ex rel. Jackson v. Phelps, 95-2294, p. 3 (La.4/8/96), 672 So.2d 665, 667.
Here, nothing in Mr. Norred's affidavit filed in connection with his motion for summary judgment, or any other admissible evidence filed into the record, suggests that Sheriff Litchfield's deputies had any reasonable cause to anticipate that Mr. Norred would fall out of his bed and harm himself. The affidavit fails to describe any obvious quality or defect in the bed such that the deputies should have been on notice that it was dangerous.[3] Nor does Mr. Norred's affidavit suggest the deputies had any specialized training or knowledge that would alert them of Mr. Norred's potential fall.
Further, nothing in Mr. Norred's affidavit suggests that the deputies failed to exercise reasonable care. At best, Mr. Norred's affidavit suggests that deputies were present and guarding him in the medical unit, helping where they could.
Regarding La. R.S. 15:702 et seq., statutes governing prisons and correctional institutions, we note that Mr. Norred points *1007 to no specific provision of these statutes that he alleges were violated. Our review of these statutes reveals no greater duty on Sheriff Litchfield than is stated above. Accordingly, we find no merit in this argument.
Insofar as Mr. Norred may be making a claim for damages arising from a defective product under La. C.C. art. 2317[4] against Sheriff Litchfield, we note that Mr. Norred has failed to offer facts necessary for him to prevail under La. R.S. 9:2800 C. This subsection provides:
Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
Mr. Norred's affidavit does not assert that the offending bed was in Sheriff Litchfield's custody. As discussed above, there is no evidence that Sheriff Litchfield's deputies had actual or constructive notice of any particular vice or defect alleged to have caused the damage prior to its occurrence. In fact, no vice or defect is alleged. Nor is there any evidence that Sheriff Litchfield had any opportunity to remedy any possible defect and failed to do so.
We also note Mr. Norred's argument that Sheriff Litchfield had a duty to warn Mr. Norred of the risk of falling off the bed while asleep. But there is no evidence Sheriff Litchfield's deputies knew of any such risk. Further, "under Louisiana civil law precepts, a person who observes that another is in obvious peril [] has the slight duty to warn of known imminent dangers when he can do so without personal risk." Beach v. Pointe Coupee Elec. Membership Corp., 04-2255, pp. 4-5 (La.App. 1 Cir. 11/16/05), 917 So.2d 556, 558, writ denied, 06-0165 (La.5/26/06), 930 So.2d 21. Even so, Mr. Norred offers no evidence that Sheriff Litchfield's deputies knew at any time that Mr. Norred was in imminent peril of falling off his bed before he did so.
To prevail on its motion for summary judgment, Sheriff Litchfield needed only to point out an absence of factual support for one or more essential element of Mr. Norred's claim. La. C.C.P. art. 966 C(2).[5] *1008 He has done this. Therefore, the burden then shifted to Mr. Norred to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. He did not do this. Accordingly, no genuine issue of material fact exists. And the trial court did not err in granting summary judgment in favor of Sheriff Litchfield. See La. C.C.P. art. 966 B.
Concluding that Mr. Norred's assignments of error are without merit, we affirm the judgment of the trial court.

DECREE
For the foregoing reasons we affirm the judgment of the trial court. Costs of this appeal are assessed against Alfred Norred, Jr.
AFFIRMED.
NOTES
[1] The petition also purportedly made the "East Baton Rouge Parish Sheriffs Office" a defendant. It is well-settled law, however, that a Sheriff's Department is not a legal entity capable of being sued, such status being reserved for the Sheriff. Valentine v. Bonneville Ins. Co., 96-1382, pp. 4-5 (La.3/17/97), 691 So.2d 665, 668.
[2] The City of Baton Rouge/Parish of East Baton Rouge and their mayor/president were added as defendants, but they were not parties to the summary judgment at issue.
[3] While the unverified petition makes allegations about the dimensions and characteristics of the bed, none of these qualities of the bed, or why they might make the bed defective or unreasonably dangerous, are asserted in Mr. Norred's affidavit in opposition to Sheriff Litchfield's motion for summary judgment. Nor is a defect or danger asserted in any other affidavit or admissible evidence.
[4] Louisiana Civil Code art. 2317 provides:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
Louisiana Civil Code art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
[5] This paragraph provides as follows:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.