CARAWAY, J.
 

 |, This appeal concerns a summary judgment in favor of defendant insurance company, holding that an injured passenger in a traffic accident was not an insured under the uninsured/underinsured (“UM”) policy. The policy in dispute lists a corporation as the named insured. Although the injured plaintiff was associated with the corporation, he was not occupying the corporation’s vehicle at the time of the accident. Agreeing with the trial court that UM coverage does not apply, we affirm.
 

 Facts
 

 On June 29, 2009, Jack Kottenbrook (“Kottenbrook”) was on duty as a Ouachita Parish Sheriffs Deputy when he was involved in a traffic accident. Kottenbrook was riding as a passenger in his Sheriffs Department cruiser and sustained serious injuries as result of the collision. The driver of the other auto was at fault for the accident due to his failure to yield to the cruiser’s emergency lights. After settling claims against the other driver and his insurer, Kottenbrook and his wife filed the instant suit against Shelter Mutual Insurance Company (“Shelter”), the auto insurer of a corporation with which Kotten-brook is associated.
 

 At the time of the accident, a Shelter policy of liability insurance, covered a 1999 Ford Mustang owned by Jack Armstrong, Inc. (hereinafter “JA, Inc.”). Although JA, Inc. is the only “named insured” listed on the declarations page of the policy, the policy also lists as “Additional Listed Insured: MARY LYNN ARMSTRONG; JACK KOTTENBROOK; CINDY G WILKINSON.” This policy provides UM coverage.
 

 |2In response to Kottenbrook’s action, Shelter filed a motion for summary judgement, arguing that Kottenbrook was not a “named insured” under its policy. Kot-
 
 *563
 
 tenbrook opposed Shelter’s motion for summary judgment, arguing that he was covered as an “additional listed insured” under the corporation’s policy. After a hearing, the trial court granted Shelter’s motion. The Kottenbrooks now appeal.
 

 Discussion
 

 The only issue before this court is whether Kottenbrook can recover damages under the UM section of the corporation’s insurance policy covering the corporation’s vehicle which was not involved in the accident.
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Palmer v. Martinez,
 
 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147,
 
 twits denied,
 
 10-1952, 10-1953, 10-1955 (La.11/5/10), 50 So.3d 805. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 In re Clement,
 
 45,454 (La.App.2d Cir.8/11/10), 46 So.3d 804. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B);
 
 Palmer, supra.
 

 [..¡Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment.
 
 Robinson v. Heard,
 
 01-1697 (La.2/26/02), 809 So.2d 943. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code.
 
 Cadwallader v. Allstate Ins. Co.,
 
 02-1637 (La.6/27/03), 848 So.2d 577. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art. 2045;
 
 Bonin v. Westport Ins. Corp.,
 
 05-0886 (La.5/17/06), 930 So.2d 906. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047;
 
 Bonin, supra.
 
 An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes.
 
 Bonin, supra.
 

 If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage.
 
 Cadwallader, supra; Carrier v. Reliance Ins. Co.,
 
 99-2573 (La.4/11/00), 759 So.2d 37. Under the rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer.
 
 Louisiana Ins. Guar. Ass’n v. 4Interstate Fire & Casualty Co.,
 
 93-0911 (La.1/14/94), 630 So.2d 759. That strict construction principle, however, is subject to exceptions.
 
 Cadwallader, supra; Carrier, stipra.
 
 One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations.
 
 Cadwal-lader, supra.
 
 For the rule of strict construction to apply, the insurance policy must be not only susceptible to two or
 
 *564
 
 more interpretations, but each of the alternative interpretations must be reasonable.
 
 Id.
 

 Most insurance policies expressly define words or phrases which may be understood in different senses. Where a policy of insurance contains a definition of any word or phrase, this definition is controlling.
 
 Washington v. McCauley,
 
 45,916 (La.App.2d Cir.2/16/11), 62 So.3d 173,
 
 citing, Hendricks v. American Employers Ins. Co.,
 
 176 So.2d 827 (La.App. 2d Cir.1965),
 
 writ denied,
 
 248 La. 415, 179 So.2d 15 (1965).
 

 The pertinent provisions of the Shelter policy provided in its DEFINITIONS section are as follows:
 

 In this policy, the words shown in bold type have the meanings stated below unless a different meaning is stated in a particular coverage or endorsement ... ⅜ ⅝ ⅜ ⅜ ⅜ ⅜
 

 (7) Described auto means the vehicle described in the Declarations, but only if you own that vehicle. It includes a temporary substitute auto.
 

 [[Image here]]
 

 (12) Insured means the person defined as an insured in, or with reference to, the specific coverage or endorsement under which coverage is sought.
 

 * * *
 

 (18) Named Insured means all persons listed .in the Declarations as such.
 

 * * *
 

 |fi(26) Person means an individual, a corporation, or entity which has separate legal existence under the laws of the state in which this policy is issued.
 

 [[Image here]]
 

 (37) You means any person listed as a named insured in the Declarations and,
 

 if that person is an individual, his or her spouse.
 

 The UM provisions are contained in Part IV of Shelter’s policy and provide as follows:
 

 ADDITIONAL DEFINITIONS USED IN PART IV
 

 As used in this coverage,
 

 [[Image here]]
 

 (2) Insured means:
 

 (a) You;
 

 (b) any relative; and
 

 (c) any other person occupying the described auto with expressed or implied permission ...
 

 In contrast to the definition for an “Insured” under the policy’s UM coverage, the provisions regarding liability coverage read as follows:
 

 ADDITIONAL DEFINITIONS USED IN PART I
 

 As used in this Part, insured means:
 

 (1) You, with respect to your ownership or use of the described auto and your use of a non-owned auto;
 

 (2) any relative, with respect to his or her use of the described auto or a non-owned auto;
 

 (3) any individual who is:
 

 (a) related to you by blood, marriage, or adoption, who is primarily a resident of, and actually living in, your household including your unmarried and unemancipated child away at school; or
 

 (b) a foster child in your legal custody for more than ninety consecutive days immediately prior to the accident; but only with respect to that individual’s use of the described auto
 

 (4) any individual listed in the Declarations as an “additional listed insured,” but only with respect to that individual’s use of the described auto; and
 

 
 *565
 
 (5) any individual who has expressed or implied permission or expressed or implied general consent to use the described auto ...
 

 In
 
 Valentine v. Bonneville Ins. Co.,
 
 96-1382 (La.3/17/97), 691 So.2d 665, the Louisiana Supreme Court reviewed a business auto policy | ^containing a very similar definition of “Insured” within the UM coverage of the policy. The named insured of the policy was the Webster Parish Sheriffs Department. The plaintiff was a Webster Parish deputy who was struck by a car while directing traffic and thus not “occupying” one of the insured public vehicles. Like the present policy, the policy for the sheriffs department extended UM coverage to “You,” a defined term for the Named Insured, and also to persons occupying a covered vehicle described in the policy. The court determined that the plaintiff was not the named insured nor was he occupying a covered vehicle at the time of the accident. Had plaintiff been the named insured on a personal policy, the court acknowledged that “a named insured is provided UM coverage wherever he is, whatever he is doing, and regardless of whether he is on the job or merely tending to his private affairs.”
 
 Id.
 
 at 669. Nevertheless, the court cited numerous rulings holding that an entity’s auto policy with the entity as the named insured does not extend that same breadth of UM coverage to the employees, officers, shareholders or members of such entity.
 
 Id.,
 
 note 3.
 

 Additionally, the court in
 
 Valentine
 
 addressed the following argument by the plaintiff:
 

 Deputy Valentine, however, argues that if he is not a named insured, then the Sheriff is the only named insured and thus the premiums collected for UM coverage extend coverage to only one person. We disagree. Valentine’s argument assumes that the Sheriff is covered under the UM policy as a named insured. As noted above, we decline to comment on whether the Sheriff individually is included as a named insured under the policy issued to the Webster Parish Sheriffs Department. However, even if the Sheriff were not included as a named insured, the failure to have someone designated for coverage as a “you” (a named insured) is of no moment. In most cases, as in the present case, UM coverage is provided to protect against bodily injury damages. Corporations and political entities, 17legal persons that are incapable of sustaining bodily injury damage, buy UM policies in which the corporation or political entity is the named insured. As in the instant case, coverage is provided under these policies for anyone “occupying” a covered auto. Valentine’s argument fails to recognize that coverage is provided to the Webster Parish Sheriffs Department for anyone “occupying” a covered auto or a temporary substitute for a covered auto. Thus, any person, whether that person is the Sheriff, a deputy, another employee of the Webster Parish Sheriffs Department or anyone else, is covered under the Commercial Union policy as long as that person is “occupying” a covered auto.
 

 Id.
 
 at 669-670.
 
 See also, Adams v. Thomason,
 
 32,728 (La.App.2d Cir.3/1/00), 753 So.2d 416,
 
 writ denied,
 
 00-1221 (La.6/16/00), 764 So.2d 965.
 

 First, from a review of the policy’s defined term, “You,” and the policy’s identification of “additional listed insured” for the extension of liability coverage, we find a clear distinction between the single “named insured” of this policy, which was the corporation, and the “additional listed insured,” which included Kottenbrook. Next, from
 
 Valentine
 
 and the cases cited
 
 *566
 
 therein, we find that the coverage extended to Kottenbrook is defined and limited under the policy. Such coverage, both for liability and UM coverage, was limited to Kottenbrook’s use of the described auto owned by JA, Inc. Kottenbrook’s auto accident did not involve his use of the JA, Inc. vehicle. The policy language listing JA, Inc. as the only named insured and making such limitations on coverage regarding Kottenbrook is clear. According to the interpretation of La. R.S. 22:1295 given by the jurisprudence, such limitations are permissible under Louisiana’s UM law.
 
 [1]
 
 The trial court’s ruling denying coverage is therefore affirmed.
 

 | s
 
 Conclusion
 

 For the foregoing reasons, the judgment of the trial court granting summary judgment on the issue of uninsured/underin-sured motorist coverage in favor of defendant, Shelter, is affirmed. Costs of appeal are assessed to appellant.
 

 AFFIRMED.
 

 [1]
 

 . The appellant cites
 
 Howell v. Balboa Ins. Co.,
 
 564 So.2d 298 (La.1990), which involved a policy listing an individual, as opposed to a corporation or other entity, as the named insured. For that reason, appellant’s argument is unpersuasive.