# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30202
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

Kelvin Wells,

*Plaintiff—Appellant*,

*versus*

Sid Gautreaux; East Baton Rouge Sheriff's
Department; Dejuan Fleming, *Corporal*; Darion Garrett,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1558

---

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Kelvin Wells appeals the dismissal of his 42 U.S.C. § 1983 complaint against Darion Garrett, Sheriff Sid Gautreaux, Corporal Dejaun Fleming, and the East Baton Rouge Parish Sheriff's Department. He alleges the law enforcement defendants impeded the administration of justice and failed to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30202

charge or prosecute Garrett for racially discriminatory and threatening acts he committed against Wells.

First, Wells does not identify any error in the district court's reasons for dismissing his § 1983 action against Sheriff Gautreaux and Corporal Fleming under Federal Rule of Civil Procedure 12(b)(5) for ineffectual service of process. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Wells has accordingly forfeited any challenge to the Rule 12(b)(5) dismissal of his claims against these defendants. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

Second, Wells has not demonstrated that the district court erred in dismissing his claims against the East Baton Rouge Parish Sheriff's Department under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Valentine v. Bonneville Ins. Co.,* 691 So. 2d 665, 668 (La. 1997). Similarly, Wells has not demonstrated that the district court erred when it sua sponte dismissed his claims against Garrett for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Torres v. Livingston*, 972 F.3d 660, 662 (5th Cir. 2020).

The judgment of the district court is AFFIRMED.